[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Johnie Sampson appeals his convictions and sentence for aggravated robbery, two counts of felonious assault, and failure to comply with the order of a police officer. Sampson had entered pleas of guilty to these offenses in exchange for the state's dismissal of four other serious charges.
Pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, Sampson's appointed appellate counsel has advised this court that, after a thorough review of the record, she can find nothing that would arguably support Sampson's appeal. Appellate counsel has communicated her conclusion to Sampson, has afforded him the opportunity "to raise any points that he chooses," and has moved this court for permission to withdraw as counsel. See id. at 744, 87 S.Ct. at 1400. Sampson has not responded to his counsel's communications.
Counsel now requests that this court independently examine the record to determine whether the appeal is wholly frivolous. See id.; see, also,Freels v. Hills (C.A.6, 1988), 843 F.2d 958. We have done so, and we concur in counsel's conclusion that the proceedings below were free of error prejudicial to Sampson. The record reflects that the juvenile court properly transferred this case to the court of common pleas, that the trial court ensured that Sampson's pleas were made knowingly and voluntarily, and that the court fully complied with R.C. Chapter 2929 in computing and justifying the terms of incarceration imposed. We, therefore, overrule counsel's motion to withdraw from her representation of Sampson and affirm the judgment of the trial court.
Our determination that the proceedings below were free of prejudicial error also compels our conclusion that there are no reasonable grounds for this "no error" appeal. But, because of Sampson's indigency, we allow no penalty.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.